Ms. Shayne King Human Resources Director City of Bryant 210 S.W.3d Street Bryant, Arkansas 72022
Dear Ms. King:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether your decision to release certain letters under the Arkansas Freedom of Information Act ("FOIA"), is consistent with the provisions of that Act. Specifically, you note that you are the Personnel Director and custodian of personnel records for the City of Bryant. You state that on March 17, 2008, the City's Assistant Fire Chief provided you with certain letters which had been left in an envelope under his office door. You state that the letters were unsolicited, and "complain of alleged actions taken by the City's fire chief." The letters are written by members of the Bryant Fire Department. You note that the same letters were provided to one of the City's aldermen. You state that subsequently, the City received an FOIA request for "5 letters turned over from [the alderman]. . . ." You have enclosed with your request five documents which you describe as being responsive to the request. You have also enclosed a newspaper article discussing some of the content and allegations in the letters.
You state that you have "initiated an investigation into the allegations contained in the letters and that the investigation is still pending and no disciplinary action has been taken as a result of the same." You state, however, that as custodian of the records, you have determined that the letters in question are properly classified as "personnel records" for purposes of the FOIA "inasmuch as they constitute complaints made by City employees." You also state that it is your determination that disclosure of the records would not constitute a "clearly unwarranted invasion of personal privacy" for purposes of A.C.A. § 25-19-105(b)(12) "given [the Fire Chief's] position with the City and the fact that extensive details contained in the letters have already been published by a local newspaper, via the enclosed article." You make this conclusion despite the fact that some of "the letters contain unsubstantiated allegations" and "misrepresent the basis for a leave of absence [the Chief] recently took." You have informed the Fire Chief of your determination to release the records and state that he has requested that an opinion be sought as to whether the documents should be released under the FOIA. You ask whether "the five (5) enclosed letters constitute a [sic] personnel record" and whether "its [sic] disclosure [will] constitute a clearly unwarranted invasion of privacy."
RESPONSE
In my opinion your decision is consistent with the FOIA. As an initial matter, your decision to characterize the letters in question as "personnel records" for purposes of the FOIA is in my opinion correct. This office has stated on many occasions that unsolicited complaint documents made against city employees are "personnel records" for purposes of the FOIA, rather than "employee evaluation or job performance records." See, e.g., Op. Att'y Gen. 2002-210. In addition, I cannot state, based upon the information provided, that you are incorrect to conclude that release of the letters would not constitute a "clearly unwarranted invasion of privacy." Although the Fire Chief's privacy interests are at least in some respects implicated by the content of the letters in question, on balance, weighing the public's interest against the applicable privacy interest, I cannot state that your conclusion in this regard is inconsistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
"Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the records are kept by the City, were written by city employees, and the subject matter involves the performance of official functions, I believe the documents in question clearly qualify as "public records" under this definition.
As one of my predecessors noted in Op. Att'y Gen. 99-305: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." See also, Nabholz Construction v. Contractors for Public Protection Association (Ark.Sup.Ct. 07-843, Nov. 1, 2007) (stating that "We have held that for a record to be subject to the FOIA and available to the public, it must be (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes"). See also, Arkansas Gazette Company v. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); and Legislative Joint Auditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581
(1987).
The pertinent exemption in this instance is the one for "personnel records," which are generally open to inspection and copying under the FOIA except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." See A.C.A. § 25-19-105(b)(12) (Supp. 2007). As stated in Op. 99-305:
. . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Id. at 2-3. (Emphasis added.)
The letter you have enclosed clearly pertains to individual employees, including the Fire Chief. It thus appears that the letter in question is a "personnel record" for purposes of the FOIA.
I have considered whether the letters in question are instead "employee evaluation or job performance records" for purposes of the FOIA. See A.C.A. § 25-19-105(c)(1). As I stated in Op. Att'y Gen.2007-025, that category of documents includes "any records created by or at the behest of an employer that detail the performance or lack of performance of an employee or employees with regard to a particular incident or incidents." Id. at n. 2, citing Op. Att'y Gen. 2006-182. That category of record is subject to a different test for disclosure. See A.C.A. § 25-19-105(c)(1) (outlining that test). I and my predecessors have consistently concluded, however, that:
. . . documents that are complaints about employees and that are unsolicited by the employer constitute personnel records, rather than employee evaluation/job performance records. See, e.g., Ops. Att'y Gen. Nos. 2001-028; 2000-058; 2000-231. This classification is in contrast to the classification of documents that are generated by an employer as a part of an investigation into the conduct of an employee, which I have held to constitute employee evaluation/job performance records. I have consistently opined that an unsolicited complaint about an employee does not constitute an "employee evaluation/job performance record" and therefore is not entitled to the exemption that is sometimes available for such records. See A.C.A. § 25-19-105(c)(1); Ops. Att'y Gen. Nos.2000-175; 2000-166; 99-026. Accord, Op. Att'y Gen. No. 1996-033. Rather, an unsolicited complaint document is a personnel record, and its releasability must be evaluated under the standard for the release of personnel records.
Op. Att'y Gen. 2001-123 at 5. See also, more recently, Ops. Att'y Gen.2008-004; 2006-092; 2004-348 and 2003-306.
As I recently stated in Op. Att'y Gen. 2008-025:
Unsolicited citizen complaints are not created by the employer to evaluate job performance. They thus do not come within the rationale behind the A.C.A. § 25-19-105(c)(1) exemption for "employee evaluation or job performance records," which is to allow supervisors to be candid in assessing employee performance and to identify weaknesses with an eye toward fostering improvement. See, e.g., Op. Att'y Gen. 2006-007, citing Op. Att'y Gen. 2005-074 and Watkins, The Arkansas Freedom of Information Act (m m Press).
Id. at 5.
Thus, for example, in Op. Att'y Gen. 2002-210, one of my predecessors concluded that an unsolicited memorandum or "grievance" written by a police officer against the police chief and delivered to the mayor was properly characterized as a "personnel record" for purposes of the FOIA. In my opinion, therefore, you have correctly determined that the applicable exemption to consider is the A.C.A. § 25-19-105(b)(12) exemption for "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section25-19-105(b)[12] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)[12] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. (Emphasis added).
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his privacy interests outweighed that of the public's under the circumstances presented. Id. at 313.
The first step in the analysis is thus to identify the existence or level of any privacy interest in the documents. As I recently stated: "[i]f the privacy interest is de minimus, the information is likely disclosable and that is the end of the analysis." Op. Att'y Gen.2008-058, quoting 97-286, citing Ops. Att'y Gen. 95-220; 93-131; and 90-335. See also, Wills and Walker, "Personnel Records" Under the FOIA: What Weighs in the Balance?" The Arkansas Lawyer, Vol. 39, No. 4 at 11. If a privacy interest is implicated, the level of the public's interest in the records must be gauged. The Arkansas Supreme Court has indicated that the public interest is measured by "the extent to which disclosure of the information sought would `shed light on an agency's performance of its statutory duties' or otherwise let citizens know `what their government is up to.'" Stilley v. McBride, supra, citing Department of Defense v. FLRA, 510 U.S. 487, 497 (1994)). If the public interest in this regard is substantial, it will usually outweigh any privacy interest. Young v. Rice, supra. If there is "little relevant public interest," a "not insubstantial" privacy interest is necessary to shield the records. See Stilley v. McBride, supra.
As I recently stated, "The question of whether release of any information within any citizen complaints would constitute a `clearly unwarranted invasion of privacy' is a question of fact, dependent upon the actual contents of the record in question." Op. Att'y Gen. 2008-025. In this instance, you have enclosed the documents for my review.
After a review of the records in question, I cannot state that your determination to release them under the A.C.A. § 25 -19-105(b)(12) personnel records exemption is inconsistent with the FOIA.
As an initial matter, in my opinion, the Fire Chief's privacy interests are at least to some extent implicated by the content of the letters in question. It has been stated that in determining this "threshold question," the proper inquiry is whether the information is of a personal or intimate nature sufficient to give rise to a substantial privacy interest. Watkins and Peltz, The Arkansas Freedom of Information Act (4th Ed. m m Press 2004) at 183. In my opinion at least some of the content of the letters in question could meet this standard.
The public's interest in the letters must therefore be gauged. In this regard, the letters address the conduct and official actions of a high-ranking City official, whose duties are central to the safety of the local citizenry. The letters in my opinion, therefore, "shed light" on the workings of government by making the factual assertions therein, and by reflecting the concerns and attitudes of the city employees who authored the letters. In my opinion, therefore, there is a substantial public interest in the content of the letters. Where a substantial public interest exists, it "will usually outweigh any privacy interest." Young v. Rice, supra. I cannot state that the privacy interest of the Fire Chief rises to a level sufficient to overcome the public's interest. Again, certain "warranted invasions of privacy will be tolerated" under the FOIA (Young v. Rice, supra), and under the A.C.A. § 25-19-105(b)(12) balancing test, the "scale [is] tipped in favor of public access." Watkins and Peltz, The Arkansas Freedom of Information Act (4th Ed. m m Press 2004) at 183.[1]
As a final matter, I must address your statement that the letters contain certain "unsubstantiated allegations" and to some degree misrepresent the basis for certain leave time recently taken by the Fire Chief. One of my predecessors addressed a similar situation in opining that a complaint document could be released under the FOIA. In Op. Att'y Gen. 2002-210, Attorney General Winston Bryant stated:
I recognize that if the complaints stated in the grievance memorandum are unfounded, the result of holding that it is open to the public may seem unfair. In this regard, however, I note that this result can be tempered by the fact that you [the police chief] are free to publicize exonerating records or information. See Op. Att'y Gen. No. 1996-257.
Id. at 3.
If the allegations in the letters you have enclosed are unfounded, the Fire Chief is similarly free to release any exonerating records or information, which are now available, or which will become available at the conclusion of the pending investigation.
On balance, therefore, weighing the public's interest against the applicable privacy interest, I cannot state that your conclusion to release the letters in question is inconsistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] In addition, the privacy interest in the letters in question may, as you note, be somewhat diminished by the prior recitation of at least some of their content in the published media. As my predecessor noted in Op. Att'y Gen. 2006-165 (addressing the release of listed telephone numbers under the FOIA), ". . . in most factual scenarios there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test." Id. quoting Op. Att'y Gen. 2005-146, and also citing Ops. Att'y Gen. 2003-325 and 2001-091. See also, Ops. Att'y Gen. 96-190 and 95-113 (privacy interest in existence of prior criminal convictions lessened by the fact that such convictions were already of public record at courthouse). But see, Op. Att'y Gen.2002-169 (stating that "The U.S. Supreme Court has recognized that there can be a protectable privacy interest even in information that has already been made public, (citing Department of Defense v. FLRA,510 U.S. 487, 500 (1994)), in concluding that listed telephone numbers of certain school employees may be withheld from disclosure).